## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**KAREN KNIGHT**

                      **Plaintiff,**

    **v.**                                      **1:06-cv-961-WSD**

**SCA BUSINESS CENTER, INC.**

                      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Karen Knight's ("Knight")
Motion and Legal Authority to Strike Answer of Defendant SCA Business Center,
Inc. ("SCA") and For Entry of Default Judgment [32, 33].

This suit was filed on April 21, 2006.  The gravamen of the Complaint is
that several debt collection agencies, including Defendant SCA, violated the Fair
Debt Collection Practices Act, 15 U.S.C. §§ 1692 et. seq., in their attempts to
collect a consumer credit debt owed by Knight.

SCA was served with the Complaint on May 10, 2006.  On June 19, 2006,
SCA filed an Answer through counsel.  On December 15, 2006, SCA's counsel
filed a Motion to Withdraw as Attorney of Record, which was granted on
January 4, 2007.

Also on January 4, 2007, the Court ordered SCA to notify the Court by January 24, 2007, as to the appointment of a new attorney of record. The January 4 Order specifically informed SCA that failure to notify the Court of a new attorney of record within twenty days "shall constitute a default." SCA did not notify the Court by January 24, 2007, of a new attorney, and no attorney has appeared on SCA's behalf since the withdrawal of its original counsel.

When Knight filed the present motions, the Court, in an abundance of caution, required her to report on her efforts to serve SCA with the present motions. On March 29, 2007, Knight's counsel Lisa Wright ("Wright") filed an affidavit detailing her efforts to serve SCA. On February 5, 2007, Wright sent a copy of the present motions through certified mail to the address SCA listed with the Court, but they were returned undelivered. On March 29, 2007, Wright served the motions and the January 4 Order on the Georgia Secretary of State, SCA's registered agent in this district. SCA has not responded to the motions, nor has any counsel for SCA entered an appearance.

A corporation "is an artificial entity that can act only through agents . . . and must be represented by counsel." <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985). As the January 4 Order clearly stated, SCA had an affirmative

duty to appoint counsel to appear on its behalf in this Court.  Failure to do so could

result in the entry of default.  SCA has not notified the Court that it has retained

counsel to represent it in this matter.

As Plaintiff and the Court have discovered, SCA also has not kept an

accurate address on file, creating substantial difficulty in managing this case,

including in serving SCA.  Local Rule 83.1(D)(3) is intended to prevent the

precisely this difficulty:

> Counsel and parties appearing *pro se* shall have, in all
> cases, an affirmative duty to notify the clerk's office by
> letter of any change in address and/or telephone number.
> A failure to keep the clerk's office so informed which
> causes a delay or otherwise adversely affects the
> management of a civil case shall constitute grounds for . .
> . a judgment of default.

The Court has inherent power to punish disobedience of its orders by appropriate

measures, including the entry of default.  See Zocaras v. Castro, 465 F.3d 479, 483

(11th Cir. 2006).  See also Shepherd v. American Broadcasting Cos., Inc., 62 F.3d

1468, 1475 (D.C. Cir. 1995) ("The inherent power encompasses the power to

sanction attorney or party misconduct, and includes the power to enter a default

judgment.")

SCA has failed to appoint counsel as required by the January 4 Order, and has failed to maintain updated contact information with the Court as required by Local Rule 83.1. These actions have adversely affected the management of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen Knight's Motion and Legal Authority to Strike Answer of Defendant SCA Business Center, Inc. For Entry of Default Judgment [32, 33] is **GRANTED IN PART** to the extent that judgment of **DEFAULT** is entered against Defendant SCA.

**IT IS FURTHER ORDERED** that a damages hearing shall be held on Tuesday, July 31, 2007, at 10:00 a.m. in Courtroom 1705. Plaintiff is directed to brief the Court by July 25, 2007, concerning what, if any, damages SCA owes in this action that have not already been awarded against Defendant Lineage.

**SO ORDERED** this 11th day of July, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE