**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**KAREN KNIGHT,**

                  **Plaintiff,**

    **v.**                                                  **1:06-cv-0961-WSD**

**INTEGRITY RESOLUTION
GROUP, LLC, LINEAGE GROUP,
INC., and SCA BUSINESS
CENTER, INC.**

                 **Defendants.**

## <u>ORDER AND JUDGMENT</u>

This matter is before the Court on Plaintiff Karen Knight's ("Plaintiff")

Motion for Award of Damages Pursuant to Court's Order of Default Judgment

Against Defendant SCA Business Center, Inc. [43].

This is an action for violation of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692 et. seq., resulting from alleged violations of that

Act with respect to the collection of a consumer debt owed by Plaintiff.

The Court conducted a hearing on August 1, 2007, pursuant to Federal Rule

of Civil Procedure 55(b), at which it received evidence to determine whether, and

in what amount, damages should be awarded.  Having considered the evidence

presented, the Court determined, based upon the preponderance of the evidence, that the following damages, attorney's fees and costs should be awarded in this action:

1. <u>Statutory Damages</u>: The Court has already awarded $1000 in statutory damages against Defendant Lineage Group, Inc. ("Lineage").  The Court awards this statutory damage amount jointly and severally against SCA and Lineage.

2. <u>Emotional damages</u>:  At the August 1, 2007, hearing Plaintiff attempted to prove emotional damages.  Plaintiff failed to show any evidence of emotional damages as to SCA.  Plaintiff did not testify that she was upset or distressed emotionally by any of SCA's actions or any of her conversations with SCA's representatives.  In the absence of any evidence of emotional distress caused directly by SCA, damages for emotional distress are not allowed.

3. <u>Attorney's Fees</u>:  Counsel for Plaintiff submitted an itemization of her services with respect to Defendant

SCA.  Plaintiff requests attorney's fees for 25.3 hours expended for legal services in this litigation specific to her claims against SCA.  The nature of the services described and the time incurred to perform them is reasonable.  Plaintiff asks to be reimbursed at the rate of $250 per hour, a rate approved by the Court in its March 14, 2007 award of damages against Lineage.  The Court therefore awards attorney's fees in the amount of $6,325.00 against SCA.

4. <u>Costs</u>: Plaintiff has submitted documentation of her costs.  Many of the items that Plaintiff requests as costs appear to have been previously awarded in the March 14, 2007 Order against Lineage.  Plaintiff requests that $350.00 in costs be awarded jointly and severally against SCA.  The Court grants this request.

Plaintiff also claims certain costs specific to SCA.  Some of these costs, such as Plaintiff's requests for parking, postage, and certain photocopies (e.g., photocopies of documents produced by SCA, of her

3

deposition outlines, of case law research, or multiple charges for photocopying the same document) are business overhead costs that are not recoverable.  Also not recoverable is a $118.75 "witness fee" whose precise purpose and recipient was not disclosed.  Therefore, the Court awards costs in the amount of $499.86 individually against SCA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen Knight's Motion for Award of Damages Pursuant to Court's Order of Default Judgment Against Defendant SCA Business Center, Inc. [43] is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment against SCA in the amount of $6,824.86.

**IT IS FURTHER ORDERED** that SCA is jointly and severally liable for damages awarded against Lineage in the March 14, 2007 Order in the amount of $1,350.00.

4

**SO ORDERED** this 13th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE